# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JERRY DASHIELDS,
              Appellant,

      v.

DEPARTMENT OF VETERANS
  AFFAIRS,
              Agency.

DOCKET NUMBER
PH-3443-17-0110-I-1

DATE: February 1, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jerry Dashields</u>, Baltimore, Maryland, pro se.

<u>Shelly S. Glenn</u>, Esquire, Baltimore, Maryland, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for failure to prosecute. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    In his appeal, the appellant, who is a GS-0083-06 Police Officer with the Department of Veterans Affairs in Baltimore, Maryland, initially appeared to be challenging a reassignment without a loss of pay or grade. Initial Appeal File (IAF), Tab 1 at 3, 5. The administrative judge issued a jurisdictional order, to which the appellant did not respond. IAF, Tab 2 at 2-4. Thereafter, the agency provided its file and asserted that no action had taken place, i.e., the agency had merely proposed reassigning personnel. IAF, Tab 4 at 6. The administrative judge issued a show cause order, which directed the appellant to show that the Board had jurisdiction over his appeal and warned him that he might be sanctioned by dismissal of his appeal for failure to prosecute if he did not respond. IAF, Tab 5. After the appellant failed to respond, the administrative judge issued a second order to show cause. IAF, Tab 6. The appellant responded with two brief pleadings that addressed the state of negotiations between his bargaining unit and the agency over the proposed reassignment of agency Police Officers. IAF, Tabs 9, 11. He also raised his belief that he was experiencing retaliation as a whistleblower for having filed this appeal. IAF, Tab 9. The administrative judge then issued an order directing the appellant to nonfrivolously allege the Board's jurisdiction over his purported individual right of action (IRA)

appeal. IAF, Tab 13. When the appellant did not respond, the administrative judge issued a final order to show cause. IAF, Tab 14. The appellant again did not respond, and the administrative judge issued the initial decision dismissing the appeal for failure to prosecute. IAF, Tab 15, Initial Decision (ID).

¶3 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. He has not specifically addressed the initial decision and instead simply states that he has "filed a notice with Office of Special Counsel 1213 Investigation." *Id*. at 3.

¶4 Although dismissal for failure to prosecute is a severe sanction, administrative judges have discretion to impose such a sanction when necessary to serve the ends of justice. *Williams v. U.S. Postal Service*, 116 M.S.P.R. 377, ¶ 7 (2011) (citing *Chandler v. Department of the Navy*, 87 M.S.P.R. 369, ¶ 6 (2000)); 5 C.F.R. §§ 1201.41(b)(11), .43(b). The sanction of dismissal may be imposed when a party has failed to exercise basic due diligence in complying with Board orders, or when a party has exhibited negligence or bad faith in its efforts to comply. *Williams*, 116 M.S.P.R. 377, ¶ 7. The Board has upheld imposing the sanction of dismissal when an appellant's repeated failure to respond to multiple Board orders reflects a failure to exercise basic due diligence. *Id.*, ¶ 9.

¶5 Here, the appellant failed to submit responsive pleadings to some orders and did not respond to other orders at all. The administrative judge issued a total of five orders pertaining to the appellant's jurisdictional burden, three of which were orders to show cause. IAF, Tabs 2, 5-6, 13-14. Two of the orders warned the appellant that repeated failure to follow Board orders could result in the dismissal of his appeal for failure to prosecute. IAF, Tabs 5, 14. The appellant submitted two pleadings in response to the administrative judge's initial orders. IAF, Tabs 9, 11. Neither of these pleadings addressed why he believed the Board had jurisdiction over his appeal of the reassignment. Instead, he discussed the negotiations between his bargaining unit and the agency over the proposed

reassignment of Police Officers within the agency's Baltimore sites. *Id.* Additionally, he alleged that the agency had retaliated against him for whistleblowing after he had filed this appeal. IAF, Tab 9. The administrative judge then issued a comprehensive jurisdictional order regarding the appellant's purported IRA appeal. IAF, Tab 13. When the appellant failed to submit any response to that order, the administrative judge issued a final order to show cause, once more warning him that failure to respond might result in dismissing his appeal. IAF, Tab 14. The appellant again did not respond, and the administrative judge dismissed the appeal for failure to prosecute. ID at 3. The administrative judge's action dismissing the appeal was appropriate because the appellant did not respond to the Board's last two orders, reflecting a failure to exercise basic due diligence. *See Williams*, 116 M.S.P.R. 377, ¶¶ 9-12.

¶6        In the appellant's brief petition for review, he references what may be an ongoing investigation by the Office of Special Counsel (OSC) pursuant to 5 U.S.C. § 1213, which concerns the disclosure of information to OSC about certain types of agency wrongdoing. PFR File, Tab 1 at 3. There is no independent right to appeal to the Board following OSC's investigation into such a disclosure, *see* 5 U.S.C. § 1213, and we find the appellant's assertion to be immaterial to the decision whether to dismiss this appeal for failure to prosecute. Even assuming that the matter pending with OSC is not a disclosure of information under 5 U.S.C. § 1213 but a complaint of reprisal for whistleblowing disclosures or other protected activity as described in 5 U.S.C. § 1214(a)(3), we find no basis to disturb the initial decision. The administrative judge's January 30, 2017 order fully explained how the appellant could establish jurisdiction over such reprisal claims as an IRA appeal under 5 U.S.C. § 1221. IAF, Tab 13. The appellant's brief assertion on review fails to explain his failure to respond to the administrative judge's orders or otherwise show that this appeal should not be dismissed for failure to prosecute.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]   The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[3]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                                /s/ for
                                      Jennifer Everling
                                      Acting Clerk of the Board

Washington, D.C.